IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ORTIZ,<br><br>    Petitioner,<br><br>v.<br><br>KIMBERLY A. SEIBEL,<br><br>    Respondent. | Case No. 1:16-cv-01824-MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[ECF No. 10] |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Kimberly A. Seibel, warden of Chuckawalla Valley State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Janet A. Neeley of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 7, 9.)

**I.   Background**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, resulting

from a January 31, 2005 jury verdict finding Petitioner guilty of multiple sexual felonies involving his minor daughter. (Lodged Docs. 1-2.) He was sentenced to an aggregate determinate state prison term of twenty-four years and eight months. (Lodged Doc. 2.)

On August 31, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on November 15, 2006. (Lodged Docs. 3-4.)

Petitioner did not file any state post-conviction collateral challenges.

On December 1, 2016, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[1] On February 3, 2017, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d), and because the petition contains unexhausted claims. (Mot. to Dismiss, ECF No. 10.) Over thirty days have passed and Plaintiff has not filed an opposition. The matter stands ready for adjudication.

**II. Discussion**

    **A. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on December 5, 2016, pursuant to the mailbox rule the Court considers the petition filed on December 1, 2016, the date Petitioner signed the petition.

Case 1:16-cv-01824-MJS Document 12 Filed 03/20/17 Page 3 of 6

Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on December 1, 2016 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on November 15, 2006. The state appeal process became final ninety days later, on February 13, 2007, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on February 14, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from February 14, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until December 1, 2016, more than eight years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of

a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner did not file any state post-conviction collateral challenges. Thus, statutory tolling is inapplicable.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Here, Petitioner did not file an opposition and the petition itself presents no grounds for equitable tolling.

### E. Exhaustion

Respondent, in her motion to dismiss, asserts an alternative ground for dismissal based on failure to exhaust state remedies. (See Mot. to Dismiss at 3-5.) As the petition is untimely and subject to dismissal, in an exercise of judicial efficiency, the Court will not address Respondent's claims regarding failure to exhaust judicial remedies.

### III. Conclusion and Order

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling. Based on the foregoing, the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation

1  period is HEREBY GRANTED.

4  IT IS SO ORDERED.

    Dated:   March 18, 2017          /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE